## Brown v. Pollock

*John M. Henry*, for plaintiff; *Stanton & Stanton*, for defendant.

McNAUGHER, J., December 29, 1931.—This case is before us on rule to show cause why a foreign attachment should not be dissolved.

The affidavit of cause of action alleges the following: That the defendant is a resident of the State of New York, having property and choses in action located in this county; that a contract was entered into between plaintiff and defendant some time in the month of April, 1931, for a baseball game to be played at Forbes Field, in the City of Pittsburgh, Pa., by the Brown's Colored Stars, managed by plaintiff, and the Cuban House of David, managed by defendant; that plaintiff incurred certain expenses in connection with the contract, an itemized list being set forth; that on May 9, 1931, without cause, defendant notified plaintiff that he would not perform his contract, and the contract was not performed; that in consequence of the breach plaintiff suffered the loss of expenses; that as a result of advertising, etc., 3000 people were

ready and anxious and willing to attend the game, and if the contract had been performed by defendant that number of persons would each have paid the admission fee of seventy-five cents. The affidavit also sets forth what would have been the expense for use of the ball grounds and what would have been plaintiff's share of the net proceeds on the basis of attendance of 3000 people; that the gate receipts as estimated were in the contemplation of the parties at the time of entry into the contract, and that the damages, inclusive of expenses and estimated return to plaintiff, were the direct result of the breach of contract.

It is defendant's contention that the affidavit of cause of action discloses that the alleged damages are merely speculative, and on this account a writ of foreign attachment will not lie. This is the only point seriously raised. Defendant invokes what is undoubtedly a general rule of law, but we do not regard that, as set forth in the cause of action, the damages are to be regarded as legally speculative. If the tickets for the game had actually been sold, there could be no question but that the damages would be ascertainable. In the absence of the sale of tickets, plaintiff averring that "3000 people were ready and anxious and willing to attend the game," the averment itself is definite. It may be a question as to how plaintiff at the trial of the case proposes to substantiate what he sets forth, but we are dealing with the language of the pleading, and it does not put the damages within the realm of speculation, but is specific and certain.

Defendant's rule will, therefore, be discharged.

From William J. Aiken, Pittsburgh, Pa.